## ATLANTIC LAND & IMPROVEMENT CO. v. CAREY CITRUS PRODUCTS CORPORATION et al.

Circuit Court of Appeals, Fifth Circuit.

Jan. 19, 1938.

FOSTER, Circuit Judge, dissenting.

———◆———

T. Paine Kelly, of Tampa, Fla., for appellant.

E. C. Johnson and Morris E. White, both of Tampa, Fla., and John R. Trinkle, of Plant City, Fla., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This suit in equity was filed to foreclose a mortgage on real estate and to enforce a lien upon the proceeds of two fire insurance policies. When the suit was instituted the issues were complicated, but, before the final decree was entered, many allegations of the bill and answer became immaterial by reason of a compromise and a stipulation entered into by the parties. This appeal is only from that part of the final decree granting foreclosure of the mortgage which dissolved a temporary injunction impounding the proceeds of the insurance policies. The controversy is now solely between the appellant, assignee of the mortgage and of the indebtedness thereby secured, and the appellee, Carey Citrus Products Corporation, which acquired the real estate embraced in the mortgage and all of the assets of the mortgagor. In consideration of the transfer, said appellee assumed said indebtedness and all obligations of the mortgagor under the mortgage.

It appears that, on October 15, 1930, the mortgage was executed to secure the payment of five notes aggregating $19,000. It contained the following provision with reference to fire insurance required to be carried by the mortgagor: "Until said debt and all other sums secured hereby are fully paid,

to keep the buildings and improvements on said premises constantly insured against fire in companies satisfactory to the Mortgagee for at least Nineteen Thousand Dollars ($19,000) and all policies of insurance of whatever nature and of whatever amount taken out on the same constantly assigned and pledged to and deposited with the Mortgagee as additional security, with subrogation clause satisfactory to the Mortgagee attached to such policy or policies. Full power is hereby conferred on the Mortgagee to settle or compromise claims under all policies and to demand, receive, and receipt for all moneys becoming payable thereunder, and to assign all policies to any endorsee of said notes or to the purchaser of the premises at any foreclosure or execution sale. In case of loss any insurance money paid shall be applied either on the debt or other sums hereby secured or in rebuilding or restoring the damaged buildings or improvements as the Mortgagee may elect."

On October 15, 1933, pursuant to the above provision, the mortgagor obtained four policies of fire insurance aggregating $19,000, to which were attached standard mortgage clauses; and there is no controversy over the proceeds of these policies. On November 19, 1934, the appellee, Carey Citrus Products Corporation, was organized, at which time it purchased all of the assets of the mortgagor, among which was the real estate described in the mortgage; and further assumed all of the debts and obligations of the mortgagor.

On April 18, 1935, said appellee secured in its own name two additional policies of fire insurance, aggregating $10,000, on buildings upon land embraced in the mortgage. No indorsements in favor of appellant were attached to these policies, nor were the policies assigned or pledged. A fire having destroyed the buildings, appellee claims that the two additional policies were in excess of the mortgage requirements and were taken out solely for its own benefit. The appellant claims that appellee stepped into the shoes of the mortgagor, who was required to provide fire insurance on the buildings in the sum of at least $19,000, and to assign all such insurance of whatever amount to the mortgagee as additional security. The lower court, upon final decree, held that the assignee of the mortgagee was confined in its remedy to foreclosure of the mortgaged lands, and was not entitled to payment of its secured debt out of the insurance funds impounded by the interlocutory order of injunction.

We think appellant is entitled to the relief sought, since said appellee, under the provisions of the mortgage, was obligated to assign and pledge to and deposit with the mortgagee all insurance taken out by it upon buildings situated on land embraced in the mortgage. Said appellee was not a mere purchaser for value. It did not simply acquire title to the lands described in the mortgage, but it promised to pay all of the debts and assumed all of the obligations of the mortgagor. Among the obligations which said appellee assumed was the promise to keep the buildings on the premises constantly insured against fire for at least $19,000, and to assign and pledge to and deposit with the mortgagee, as additional security, all policies of insurance of whatever nature and of whatever amount. Full power was conferred on the mortgagee to assign all policies to any indorsee of the notes. In case of loss, the proceeds of the insurance were to be applied either on the notes or other sums secured by the mortgage or in restoring the buildings as the mortgagee might elect.

In view of the covenant, we think it is immaterial in this case that the two additional policies were not actually assigned or pledged to the mortgagee in compliance with the mortgage covenant. Ordinarily, a mortgagee has no right to the benefit of such insurance, unless the policy is assigned to him, but where the mortgagor is bound by covenant to insure as additional security and to assign or pledge to and deposit with the mortgagee all policies of whatever amount, the assignee of the indebtedness secured by the mortgage has an equitable lien upon the money due on the policies to the extent of his interest. Ezra Wheeler et al. v. Factors' § Traders' Insurance Company, 101 U.S. 439, 25 L.Ed. 1055; American Ice Company v. Eastern Trust & Banking Co., 188 U.S. 626, 23 S.Ct. 432, 47 L.Ed. 623.

So much of the decree of the District Court as was appealed from is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed.

FOSTER, Circuit Judge (dissenting).

Appellee assumed the obligations of G. A. Carey, Inc., under a mortgage executed by that company to Safe Deposit and Trust Company of Baltimore. When it acquired the property the obligation of the first-named company to insure the buildings covered

by the mortgage for at least $19,000 had been performed. In that respect there was nothing for appellee to assume. The additional insurance of $10,000 was clearly for its own use and benefit. To say that this inured to the benefit of the mortgage creditor interpolates something into the mortgage that cannot be supported by either the letter of the deed or the intention of the original parties to that contract. Clearly, if appellee had not taken out additional insurance, appellant would have had no claim against it for damages for failure to comply with any obligation assumed under the mortgage.

For these reasons, I respectfully dissent.